Debtor(s): **Herman Vincent Tatum**                    Case Number: **21-80364**

United States Bankruptcy Court for the Western District of Louisiana: **ALEXANDRIA DIVISION**

# Chapter 13 Plan - Western District of Louisiana                    12/2021

☑ Check here if this is an amended plan and list the plan sections that have changed and the reason for the change:
**2.2, 3.2, 3.3, 5.1 -- This modification 2.1**

**Modified plan to reduce monthly payments, extend the term, address the objections by Tower Loan, update all the creditors per the POCs filed, and decrease funding to unsecured creditors. Debtor's work truck, that generates the majority of his business, needs a new motor. Debtor does not have the funds to purchase another motor at this time. Debtor did not have any business income in November and has very little during the month of December, so far. --- This modification corrects the total-paid-in.**

## Part 1:    Notices

To Debtors:    **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial division. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

To Creditors:    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 14 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015 and LBR 3015-1. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | |
|---|---|---|
| A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not included |
| Nonstandard provisions, set out in Part 9. | ☑ Included | ☐ Not included |

## Part 2:    Plan Payments and Length of Plan

2.1    **Applicable commitment period.** The applicable commitment period per Form 122C-1 is    **3**    years.

2.2    **Regular plan payments.** Beginning no later than 30 days after the date the petition was filed, debtor(s) will make regular payments to the trustee for a total of    **60**    months as follows:

 **$300.00**    per month for    **1**    months and
 **$100.00**    per month for    **1**    months and
 **$300.00**    per month for    **4**    months and
 **$870.00**    per month for    **52**    months.

If this is an amended plan, provide the following:    **$1,600.00**    in regular payments have been paid for the first    **2**    months of this plan.

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.3**  <u>**Source of regular payments.**</u>  Regular payments to the trustee will be made pursuant to a payroll deduction order unless otherwise excused by the trustee or the Bankruptcy Court.

**2.4**  <u>**Income tax returns and refunds.**</u>  During the pendency of this case, Debtor(s) will: (i) timely file all required income tax returns and (ii) provide the trustee with a copy of those returns within 10 days of filing.  Debtor(s) will also pledge income tax refunds to the plan as follows:

**Income Tax Returns and Refunds. During the pendency of this case, Debtor(s) shall file both Federal and State income tax returns timely and provide copies of same to the Standing Chapter 13 Trustee immediately upon the filing of each annual return together with the Certification of Tax Return.  All refunds due under Federal and State income tax returns, during this plan, unless otherwise ordered by the Court, shall be turned over to the Standing Chapter 13 Trustee as an additional distribution to creditors.  Debtor(s) shall be allowed to retain any tax credit portion of any refund, if claimed as exempt on Schedule C.  After the filing of the tax certification with the Trustee, debtors may retain any amount of tax refunds that are deemed by the Court to be used to finance reasonably necessary expenses for the debtors' maintenance and support or extraordinary expense or if the confirmed plan pays 100% of unsecured claims and the Debtor is current on plan payments.**

**2.5**  <u>**Additional Payments (in addition to 2.2 above).**</u>

*Check all that apply.*

☐  <u>**None.**</u>  *If "None" is checked, the rest of § 2.5 need not be completed or reproduced.*

☑  <u>**Proceeds of causes of action.**</u>
Debtor(s) pledge 50% (or until all allowed unsecured claims are paid in full) of the net recovery from all pre- and post-petition causes of action, liquidated or unliquidated, unless otherwise ordered by the Court after notice and hearing.

☐  <u>**Other Payments.**</u>
Debtor(s) will make additional payment(s) to the trustee from other sources as specified below (describe the source, amount, and date of each anticipated payment):

## Part 3:   Treatment of Secured Claims

**3.1**  <u>**Maintenance of payments and cure of default on claims secured by real estate, if any.**</u>
(This Section should list secured claims to which § 1322(b)(3) or (5) of the Code is applicable.)

*Check one:*

☑  <u>**None.**</u>  *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2**  <u>**Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**</u>

*Check one.*

☐  <u>**None.**</u>  *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☑ **The debtor(s) request that the court determine the value of the secured claims listed below, as follows:**

**Non-governmental secured claims.** For each non-governmental secured claim listed below, the debtor(s) state that the amount to be paid by the Trustee to the creditor as secured is set out in the column headed "Amount of secured claim." For each listed secured claim, the *Amount of secured claim* will be paid in full with interest at the rate stated below until the *Amount of secured claim* or the secured amount set forth in a proof of claim filed by the secured creditor, whichever is less, has been paid in full.

**Secured claims of governmental units.** For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below.

| Name of Creditor / Collateral description | Amount of creditor's total claim | Value of collateral | Amount of secured claim | Interest rate |
|---|---|---|---|---|
| **Tower Loan** | **$5,828.95** | **$2,000.00** | **$2,000.00** | **6.00%** |
| **HHG** | | | | |
| | | | | |
| **Tower Loan** | **$2,031.86** | **$1,200.00** | **$1,200.00** | **6.00%** |
| **HHG** | | | | |
| | | | | |

**The following terms apply to all secured claims listed in Section 3.2 of this plan:**

**Effect of granting relief from the automatic stay.** If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph 3.2, then, unless otherwise ordered by the court, all payments under this section as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Treatment of allowed claim in excess of amount of secured claim.** The portion of any allowed claim that exceeds the amount listed in this Section 3.2 in the column headed *Amount of secured claim* will be treated as an unsecured claim under Part 5 of this plan. Any proof of claim filed with a secured value of $0.00 may be treated as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this Section 3.2.

**Lien Retention.** The holder of any claim listed in this Section 3.2 as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

**3.3** **Secured claims excluded from 11 U.S.C. § 506 (11 U.S.C. § 1325(a)(hanging paragraph) - 910 day Car Claim or 365 day Personal Property).**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

☑ **Claims excluded from § 506 of the Code.**
The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below. These claims are not subject to valuation and will be paid in full under the plan at the interest rate stated below until the Amount of Claim as set forth below has been paid in full. Should the proof of claim be less than the Amount of Claim provided for in the plan the lesser amount will be paid. These payments will be disbursed by the trustee.

| Name of Creditor / Collateral description | Amount of secured claim | Interest rate |
|---|---|---|
| **Santander Consumer USA** | **$19,872.26** | **6.00%** |
| **2020 Kia Optima (approx. 68,000 miles)** | | |
| | | |

**The following terms apply to all secured claims listed in Section 3.3 of this plan:**

***Effect of granting relief from the automatic stay.*** If relief from the automatic stay is ordered as to any item of collateral in this Section 3.3, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

***Lien Retention.*** The holder of any claim listed in this Section 3.3 as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

**3.4**   **Lien avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**   **Surrender of collateral.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| **Part 4:** | **Treatment of Fees and Priority Claims** |
| --- | --- |

**4.1**   **General.**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.4, will be paid in full without post-petition interest.

**4.2**   **Trustee's fees.**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 10% of plan payments.

**4.3**   **Debtor's Attorney's Fees.**

*Check One*

☑ Counsel has elected to be paid the fixed ("no-look") fee as authorized in the Western District of Louisiana.

☐ Counsel for debtor will submit an application for compensation and reimbursement of expenses in accordance with 11 U.S.C. § 330(a) and the applicable Bankruptcy Rules and Local Bankruptcy Rules for the Western District of Louisiana (the application should be noticed for hearing on the same day as the hearing on confirmation of this plan).

Based on the election above, the Debtor's attorney's fees are as follows:

**(i)**   **Fees for services through original confirmation:**

| Attorney's Name | Total Fees | Fees Debtor paid pre-petition | Fees to be paid through the plan |
| --- | --- | --- | --- |
| **McBride Law Firm** | **$4,000.00** | **$6.00** | **$3,994.00** |

**(ii)**   **Fees for services after original confirmation:**

| Attorney's Name / Description of Service* | Fee for Service | Fees to be paid through the plan |
| --- | --- | --- |
| | | |

*The "Description of Service" column should correspond to those allowed to be compensated under the court's order on fixed fees, or, if counsel has elected to submit a fee application, it should briefly describe the services for which counsel is seeking compensation.

The allowance of the requested attorney's fees and the timing of the allowance are subject to the approval of the court.

**4.4**   **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☑ The debtor estimates the total amount of other priority claims to be as follows:

Domestic Support Obligations other than those provided for in 4.5 below:

| Claimant | Nature of Claim | Amount |
|---|---|---|

Ongoing Domestic Support Obligations shall be disbursed by debtor.

All other unsecured priority claims including tax claims shall be disbursed by trustee as follows:

| Claimant | Nature of Claim | Amount |
|---|---|---|
| McBride Law Firm | Noticing Costs | $250.00 |

**4.5    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.**  *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

**4.6    Supplement to Paragraphs 4.4 and 4.5.**

For Trustee disbursed claims, to the extent that a proof of claim is filed for an amount less than the amount provided for in Paragraphs 4.4 and 4.5, the Trustee shall pay the lesser amount contained in the proof of claim.

## Part 5:    Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.  Unscheduled nonpriority unsecured debts to which a timely proof of claim is filed will be allowed unless objected to.  All nonpriority debts on schedule E/F, and unsecured and undersecured debts on schedule D, are incorporated herein by reference.

Based upon the scheduled unsecured and undersecured claims in the amount of ___**$52,554.98**___, it is anticipated unsecured creditors will be paid approximately ___**$12,588.91**___, which is approximately ___**24**___ percent of their respective claims.  However, the amount paid on any claim may vary depending on the actual filed and allowed claims.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid no less than ___**$10,980.00**___. Payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2    Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.**  *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

## Part 6:    Executory Contracts, Unexpired Leases, and Unmodified Secured Debts paid per contract

**6.1    The executory contracts, unexpired leases, and Unmodified Secured Debts paid per contract listed here are assumed and will be treated as specified.  All other executory contracts and unexpired leases are rejected.**

*Check one.*

☑ **None.**  *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7:    Vesting of Property of the Estate

**7.1    Property of the estate will vest in the debtor(s) upon entry of discharge or dismissal.**

---

## Part 8:    Other Plan Provisions

8.1  **Adequate Protection Payments.**
     **Debtor(s) will pay adequate protection payments and/or lease payments as scheduled below to the trustee.**

Name of Creditor                      Collateral                      Adequate Protection Payment

8.2  **Changed Circumstances.**
     Debtor(s) shall fully and timely disclose to the trustee any change in income, marital status, domestic support obligation, employment, address, or financial recovery to which debtor(s) become entitled, including without limitation, claims for personal injury, employment, worker's compensation, unemployment compensation, inheritance, life insurance, lottery proceeds, or property settlements.  These funds shall be treated upon motion by trustee, debtor(s), or any party in interest.

8.3  **Confirmation order controls.**
     To the extent there is any conflict between this Chapter 13 Plan and the Confirmation Order, the Confirmation Order shall control.

---

## Part 9:    Nonstandard Plan Provisions

☐  *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in the Official Chapter 13 Plan Form for the Western District of Louisiana or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.*

The following plan provisions will be effective only if there is a check in the box "Included" in Part 1 of this plan.

**Attorney Fees**
**Counsel elects to accept the fixed fee pursuant to the General Order Regarding Chapter 13 Fixed ("No-Look") Fees (Effective August 1, 2021)**

---

## Part 10:    Signatures

**/s/ Thomas C. McBride**                    Date:    **12/14/2021**
Signature of Attorney for Debtor(s)

                                             Date:    _____
Debtor

                                             Date:    _____
Joint Debtor

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

**By filing this document, the Attorney for Debtor(s) or Debtors(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in Official Chapter 13 Plan Form for the Western District of Louisiana, other than any nonstandard provisions included in Part 9.**